UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>    v.<br><br>BLOCK 22 LLC *doing business as* The Grove Hotel,<br><br>    Defendant. | Case No. 1:18-cv-00556-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Pro Se Plaintiff, Peter Strojnik's, Motion to Compel Discovery. Dkt. 18. Court staff held an informal discovery mediation conference with the parties on October 8, 2019. The parties agreed to meet and confer as to remaining discovery issues following that conference. For the reasons stated below, the Court will grant Strojnik's motion in part and deny it in part.

## BACKGROUND

Strojnik filed the present action against Block 22 LLC, alleging the Grove Hotel violated the Americans with Disabilities Act by failing to remove

accessibility barriers which impairs the Plaintiff's full and equal access to the Hotel. *Compl.* ¶ 10. Strojnik alleges that he is disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee. *Compl.* ¶ 3. Strojnik alleges that the Hotel's website, and third-party booking websites, failed to identify and describe mobility related accessibility features and guest rooms in enough detail to reasonably permit him to assess independently whether the Hotel meets his accessibility needs. *Compl.* ¶ 22; *see* 28 C.F.R. 36.302(e). Strojnik further alleges that the Hotel breached its duty to him to remove ADA accessibility barriers, such that Strojnik would have full and equal access to the Hotel. *Compl.* ¶¶ 31-32.

Strojnik filed an Addendum to his complaint containing photographs allegedly obtained from a third-party booking website and the Hotel's website. *Compl., Addendum A*, Dkt. 1-1. Strojnik alleges that these photographs and the websites fail to provide enough accessibility information for him to individually assess whether the hotel meets his accessibility needs. *Id.*

The parties sought mediation with the Court staff regarding a variety of discovery disputes. The mediation was partially successful. Court staff directed the parties to meet and confer regarding unaddressed discovery disputes. Strojnik filed this motion to compel following the parties' failure to resolve the remaining disputes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that:

> "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). Rule 26 contains more specific limitations on discovery of electronically stored information:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify the conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B).

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevance, *see, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978), the party resisting discovery carries the "heavy burden" of showing specifically why the discovery request is irrelevant, unduly

burdensome, disproportional to the needs of the case, or otherwise improper. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## ANALYSIS

1. **Answers to Request for Admission ("RA") 1, Interrogatory ("INT") 1, and Request for Production ("RPD") [1].**

Strojnik seeks " 'policies, practices and procedures' which are required to be maintained by a place of lodging". *Pl.'s Mot.* at 2, Dkt. 18 (citing 28 C.F.R. § 36.302). In his Request for Admission 1, Strojnik requested that the Defendant admit that at the time of the complaint, they "did not have any policies , practices or procedures to ensure that the individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms…." *See Pl.'s Ex. 1* at 2-3, Dkt. 18-1. Defendant denied the request and objected on the grounds that it was compound, vague, and ambiguous. Defendant also objected because it called for speculation "as to the meaning of the phrase 'individuals with disabilities' as intended by the Plaintiff." *Id.* at 3.

Interrogatory 1 sought information relating to the date any policies, practices or procedures were established, how they were communicated to third party booking agents and Hotel employees, and information of individuals this information had been communicated to. *Id.* Interrogatory 1 also requests

information as to when Defendant became aware of 28 C.F.R. §§ 36.302(e), 36.301(c) and the manner in which Defendant became aware of those requirements. Defendant objected to the interrogatory on the grounds that it was vague, ambiguous, undefined, or otherwise required Defendant to speculate as to the information sought. Defendant also objected that some information was protected by attorney client privilege. Defendant did refer Strojnik to the "Accessibility Page" of its website. Request for Production 1 sought documents and emails related to the information sought in Interrogatory 1. *Id.* Defendant objected on similar grounds as above but indicated they would produce contracts with third-party reservation websites once a protective order was entered.

The ADA regulations require a public accommodation to make reasonable modifications in policies, practice or procedures, when the modifications are necessary to afford services, facilities, etc. to individuals with disabilities. 28 C.F.R. § 36.302. This includes a requirement to modify policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. *Id.* There is no requirement in the regulations for these modifications to be recorded in any form. *See id.*

The Court agrees that the Plaintiff's request as stated is overbroad. Defendant shall provide Strojnik the Accessibility Page on the Grove Hotel's

website. Defendant shall also provide the date the Accessibility Page was placed on the website. In addition, Defendant shall provide any written policies relating to mobility disabilities and the dates on which those policies were established.[1]

No protective order has been entered in this case. The Parties shall stipulate to a protective order and file it no more than seven days after entry of this order. Following entry of the protective order the Defendant shall provide its contracts with Third-Party websites.

2. **Answers to RA 2, INT 2 and RPD 2**.

Strojnik seeks "all investigations of all elements of compliance with the ADA, 28 CFR § [36.]302(e) and [36.]301(c) and the 2010 Standards of Accessibility Design." *Id.* Defendant denied that the hotel is noncompliant and argued that the ADA provides a safe harbor for buildings built prior to 2010, which allows it to comply with the 1991 ADA standards. *See Pl.'s Ex. 1* at 5, Dkt. 18-1; *see also* 28 C.F.R. § 36.304(d)(2)(i). Strojnik seeks the above information to determine the veracity of the Defendant's denial.

Strojnik cites *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043-44 (9th Cir. 2008) for the proposition that he is entitled to this discovery and the discovery

---

[1] The Court notes that this was essentially the same agreement reached by the parties during the discovery dispute mediation.

requested in section 3, *infra*. The Ninth Circuit, in *Doran*, held that an ADA plaintiff is entitled to discovery of additional barriers where initial barriers prevented the plaintiff from fully accessing a facility. 524 F.3d at 1044. The court held that these additional barriers could be combined with the initial barriers to "constitute the factual underpinnings of a single legal injury." *Id.* There the court held that the Plaintiff's expert inspection of the store, which revealed additional barriers, conferred standing on the plaintiff to raise claims as to those barriers. *Id.* The Ninth Circuit indeed held that a Plaintiff is entitled to discovery of additional barriers. It did not, however, hold that the Defendant must provide that discovery. Strojnik has not made any request for his expert to inspect the Hotel.

Because the Defendant has denied that it is not in compliance with the ADA, the motion to compel as to the interrogatories will be denied.

Request for Production 2 seeks all documents, papers or electronic information relating to the Defendant's investigation(s) of ADA compliance and all booking agents' websites (e.g., expedia.com, hotels.com, etc.) relating to the Hotel and the Hotel's own website as they existed on the date of the Complaint. Defendant objects to this request because it is overbroad, ambiguous, burdensome, and seeks information that is not reasonably calculated to lead to admissible evidence. Defendant indicated they would provide contracts with third-party reservation websites upon entry of a protective order.

The Defendant shall provide a copy of its own website as it existed at the time of filing of the Complaint. Defendant shall also provide contracts with third-party reservation websites upon entry of the protective order.

3.  **3. Answers to RA 3, INT 3, and RPD 3**.

Strojnik seeks information that relates to the ready achievability of the removal of accessibility barriers. *Pl.'s Mot.* at 2 (citing 28 C.F.R. § 36.304). Defendant objected to these requests on the grounds that they were compound, vague, and ambiguous. *See Pl.'s Ex. 1* at 7-8, Dkt. 15-1. Defendant also objected to these requests because they called for Defendant to speculate as to what Plaintiff believes to be "all accessibility barriers" at the hotel. *Id.*

Plaintiff has not identified any barriers beyond the website itself which he claims prevent his access to the hotel. His motion as to information regarding the ready achievability of the removal of the unidentified barriers will be denied.

4.  **Answer to INT 7**.

Strojnik attached photographs taken from the Hotel's website to his complaint alleging they depict various accessibility barriers". *See Compl., Addendum A*, Dkt. 1-1. In Interrogatory 7, Strojnik requested that Defendant state all facts that tended to negate the accuracy of the ADA violations identified in the Addendum. Defendant objected to this interrogatory on the grounds that

Addendum A is vague and ambiguous in depicting alleged "accessibility barriers."
*See Pl.'s Ex. 1* at 13, Dkt. 15-1.

> The ADA Regulations require hotels to:
>
> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

28 C.F.R. § 36.302(e)(1)(ii). In conjunction with the regulations, the Department of Justice issued a guidance document entitled "Americans with Disabilities Act Title III Regulations: Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities."[2] The DOJ document states that "Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features...."

---

[2] https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a2010guidance (last accessed on Nov. 7, 2019).

The Court agrees that Strojnik's request is vague. Presenting a series of photographs with alleged ADA violations and asking Defendant to identify any facts that may negate those violations is overbroad. Accordingly, Defendant shall only provide Strojnik with any specific facts it intends to use to rebut the claims alleged in Addendum A.

## ORDER

**IT IS ORDERED that**

1. Plaintiff's Motion to Compel Discovery (Dkt. 18) is **GRANTED in part and DENIED in part** as described above.

2. The Parties shall stipulate to, and file, a protective order not more than seven days after the entry of this order.

3. Defendant shall produce the information described above.

DATED: November 25, 2019

_____
B. Lynn Winmill
U.S. District Court Judge