IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>vs.<br><br>BLOCK 22 LLC dba THE GROVE HOTEL,<br><br>    Defendant. | Case No. 1:18-CV-556-BLW<br><br>**PROTECTIVE ORDER** |

Pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, the Court's Memorandum Decision and Order (Dkt. 20) and the parties' Stipulation for Protective Order hereby:

1. That this Protective Order governs the production, use, and dissemination of information and documents that are produced by Defendant Block 22 LLC *doing business as* The Grove Hotel, ("Defendant").

2. <u>Designation and Provision of Protected Material.</u>  Defendant may designate as "CONFIDENTIAL" any document, or portion thereof, which it reasonably believes it must produce pursuant to the Court's Memorandum Decision and Order (Dkt. 20) including confidential, privileged, proprietary, private and/or

other sensitive information such as, but not limited to, non-public personal, financial, corporate and business records and data. All such documents shall be subject to the terms and conditions set forth in this Protective Order and shall be referred to herein as the "Protected Material."

The designation of all or a portion of a document as "CONFIDENTIAL" shall be made by placing such legend on each designated page of the document prior to production of the document. In no event shall said mark or stamp interfere with the legibility of any part of a document.

3. <u>Access to and Use of Protected Material.</u> Protected Material shall not be used for purposes other than for the litigation of this case, defined as *Peter Strojnik v. Block 22 LLC doing business as The Grove Hotel,* Case No. 1:18-cv-00556-BLW, U.S. District Court, District of Idaho, and any related appellate proceedings, and shall not be disclosed to any person or entity other than:

    a. Plaintiff, his attorneys[1], agents, employees and representatives who have a need to know or to have access to the information, and their respective legal counsel and such counsel's legal associates, paralegals, secretaries, and office staff;

---

[1] Plaintiff Peter Strojnik filed this action as a pro-se litigant. The terms of this protective order are intended to apply to Plaintiff who is currently representing himself and any attorney who may in the future make an appearance in this litigation on Plaintiff's behalf.

b. Plaintiff's independent experts or consultants specifically retained by Plaintiff to assist counsel in this litigation and the experts' or consultants' respective office staff;

c. Defendant, its attorneys, agents, employees and representatives who have a need to know or to have access to the information, and their respective legal counsel and such counsel's legal associates, paralegals, secretaries, and office staff;

d. Defendant's independent experts or consultants specifically retained by Defendant to assist counsel in this litigation and the experts' or consultants' respective office staff;

e. The Court, court reporters, courtroom personnel, jurors, and witnesses testifying at trial;

f. Such other person(s) as the Court shall determine.

4. <u>Disclosure to Experts or Consultants.</u> Any independent expert or consultant retained to assist Plaintiff or Plaintiff's counsel in this litigation shall, prior to any disclosure to the expert or consultant of the Protected Material, execute an agreement to be bound by the Protective Order (the "Confidentiality Agreement")[2]. A copy of the Confidentiality Agreement is attached hereto as

---

[2] The parties recognize that the time for Plaintiff to disclose experts has passed so this section may be unnecessary but include it herein out of an abundance of caution.

Exhibit "A". A copy of the signed Confidentiality Agreement shall be provided to opposing counsel prior to any disclosure.

5. <u>Copies of Protected Material.</u> Copies of Protected Material may be made by or for only those persons identified in Paragraph 3 as authorized recipients of Protected Material, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL." All copies of Protected Material are subject to the provisions of this Order as though they were original Protected Material.

6. <u>Custody of Protected Material.</u> All Protected Material received by Plaintiff and Defendant, and any notes, summaries or other records regarding that information, shall be maintained in the custody of their counsel, except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case, and subject to Paragraph 4, above. As provided more fully in Paragraph 10, upon final termination of the litigation, all Protected Material, including copies thereof, shall be returned to counsel for Defendant.

7. <u>Discovery Relating to Protected Material.</u>

    a. To the extent that any discovery, including depositions, taken by Plaintiff or Defendant, includes or attaches any Protected Material, such discovery shall be designated as "CONFIDENTIAL" and shall be subject to the terms of the Protective Order.

b. To the extent that Plaintiff or Defendant receives a *subpoena duces tecum* from a third-party or any discovery request from another party to the litigation seeking disclosure of the Protective Material, it shall be sufficient for Plaintiff or Defendant to cite to this Stipulated Protective Order.

8. <u>Filing of Protected Material.</u>  Prior to making any Protected Material part of the court file:

a. Except as provided for below, Plaintiff shall first consult with the counsel for Defendant to determine whether, with the consent of Defendant, the document or a redacted version of the document may be filed with the Court not under seal.

b. Where agreement is not possible or adequate, Plaintiff shall file a motion with the Court for direction.

c. Nothing in this Protective Order shall be deemed to preclude the admissibility of the Protected Material as evidence at trial.

d. Prior to filing any document under seal the party must first submit a motion to seal pursuant to Local Rule 5.3.

9. <u>No Prejudice</u>.

a. Nothing in this Order shall preclude Defendant from seeking additional or different protection with respect to the confidentiality of any information or material, including Protected Material, or from filing any motions to

compel or motions for protective order with regard to any discovery dispute. Nothing in this Order shall preclude Defendant from withholding any documents on the basis of privilege and/or other objections, provided that Defendant produces an appropriate privilege log consistent with the Federal Rules of Civil Procedure and Local Rules of the Court.

      b.    This Order shall not diminish any existing obligation or right with respect to Protected Material.

    10.    <u>Final Disposition.</u>  Within 30 days of the final termination of this litigation, including any appeals, Plaintiff, his attorneys, agents, employees, and representatives who received Protected Material shall return all Protected Material, including partial or complete copies, transcriptions, extracts, abstracts, notes or summaries of Protected Material, whether in printed, computerized, or electronic form, to Defendant's counsel. Plaintiff has the duty to compile all Protected Material and copies thereof from his experts, consultants, and any other source for which he or his experts or consultants are responsible, so that the Protected Material may be returned to Defendant's counsel. However, for archival purposes, Plaintiff may retain pleadings, attorney and expert or consultant work product, depositions, and correspondence and his own internal memoranda, all of which shall remain subject to the provisions of the Protective Order.

11.  **Improper Disclosure.**  Plaintiff shall have the duty to use reasonable care and precaution to protect the confidentiality of the Protected Material.  If any Protected Material is disclosed to any person other than those authorized herein and/or other than in the manner authorized herein, then Plaintiff must immediately bring all pertinent facts relating to such disclosure to the attention of Defendant's counsel and, without prejudice to any other rights of Defendant, Plaintiff must make every effort to prevent further disclosure by the person(s) to whom such information was disclosed.

12.  **Survival.**  The binding effect of the Protective Order shall survive termination of this action.  The Court shall retain jurisdiction to enforce the Protective Order.

BASED UPON the Stipulation for Protective Order filed attached hereto, and good cause appearing therefor,

IT IS HEREBY ORDERED that terms of this Protective Order are approved and shall be effective upon entry of this order.

DATED: December 12, 2019

B. Lynn Winmill
U.S. District Court Judge